THOMAS SHERWIN *vs.* THOMAS WIGGLESWORTH & another.

Suffolk. March 10. — June 30, 1880. ENDICOTT & SOULE, JJ., absent.

Although by the provisions of the U. S. St. of March 3, 1873, and of the St. of 1873, c. 189, the title in land taken by the United States for a post-office in Boston did not vest in the United States until the assessment and payment of damages thereby occasioned, yet the title taken was that which existed when the petition for the valuation of the land was filed by the agent of the government; and the owner is not chargeable with taxes and betterments assessed upon the land while the proceedings upon such petition were pending.

CONTRACT by the collector of the city of Boston against the executors of the will of Edward Wigglesworth, to recover taxes and betterments assessed upon several parcels of land in Boston formerly belonging to the defendant's testator. Writ dated November 8, 1878. The case was submitted to this court on agreed facts, in substance as follows:

Edward Wigglesworth was the owner of all the land in question on April 15, 1873, and thereafter until it was taken by the United States for a post-office, in pursuance of the U. S. St. of March 3, 1873, and of the St. of 1873, *c.* 189. On April 16, 1873, a petition was filed, under and in accordance with these acts, by the agent of the United States, for the condemnation of the estate of Wigglesworth in said land. A verdict was rendered on this petition, and was accepted and recorded by the court on April 6, 1875; and final judgment was rendered thereon on August 16, 1876, and on the same day Wigglesworth was paid the amount of the judgment.

Taxes were assessed on this land by the city of Boston on May 1, 1875, and on May 1, 1876; and in February 1875, assessments were made for betterments in respect of the widening of certain streets, made under orders approved April 18, 1873.

If the plaintiff was entitled to recover, judgment was to be entered for him for a sum stated; otherwise, for the defendants.

*E. P. Nettleton,* for the plaintiff.

*O. W. Holmes, Jr.,* for the defendants.

GRAY, C. J. By the provisions of the act of Congress of March 3, 1873, and of the statute of the Commonwealth of 1873, *c.* 189, the title in land taken for the post-office in Boston does not vest in the United States until the assessment and payment of the damages thereby occasioned to the owners of the land. But the title which is purchased by and vests in the United States is the title as it existed when the petition for the valuation of the land was filed by the agent of the government. The time necessary to complete the judicial proceedings does not change the subject or the measure of compensation, or the parties who are entitled to it. In theory of law, although the compensation cannot be paid until it has been estimated, nor the title pass until the compensation is paid, yet both the compensation paid and the title acquired have relation back to the inception of the proceedings for the condemnation of the land to the public use. It has already been adjudged that the measure of the damages to be awarded to the owners is the value of the land at that date, and interest thereon. *Burt* v. *Merchants' Ins. Co.* 115 Mass. 1. See also *Parks* v. *Boston,* 15 Pick. 198, 208; *Old Colony Railroad* v. *Miller,* 125 Mass. 1. And it would be

most unjust to charge the owners of the land with betterments or other taxes imposed after it has been designated and set apart for the public use, and while they cannot enjoy, nor improve it, nor obtain compensation for any increase in its value.

*Judgment for the defendants.*