77 N.J. Super. 26 (1962)
185 A.2d 245
SAFEWAY TRAILS, INC., A CORPORATION OF THE STATE OF MARYLAND, PLAINTIFF,
v.
DAVID D. FURMAN, ATTORNEY GENERAL OF THE STATE OF NEW JERSEY AND HEAD OF THE DEPARTMENT OF LAW AND PUBLIC SAFETY; NED J. PARSEKIAN, ACTING DIRECTOR, DIVISION OF MOTOR VEHICLES AND JOHN A. KERVICK, STATE TREASURER OF NEW JERSEY, DEFENDANTS. THE GREYHOUND CORPORATION, A CORPORATION OF THE STATE OF DELAWARE, PLAINTIFF,
v.
JOHN A. KERVICK, TREASURER OF THE STATE OF NEW JERSEY, AND NED J. PARSEKIAN, ACTING DIRECTOR, DIVISION OF MOTOR VEHICLES, DEPARTMENT OF LAW AND PUBLIC SAFETY OF THE STATE OF NEW JERSEY, DEFENDANTS. LINCOLN TRANSIT CO., INC., A CORPORATION OF THE STATE OF NEW JERSEY, HILL BUS CO., A CORPORATION OF NEW JERSEY, ROCKLAND COACHES, INC., A CORPORATION OF THE STATE OF NEW JERSEY, HUDSON BUS TRANSPORTATION CO., INC., A CORPORATION OF THE STATE OF NEW JERSEY, SOMERSET BUS CO., INC., A CORPORATION OF THE STATE OF NEW JERSEY, DeCAMP BUS LINES, A CORPORATION OF THE STATE OF NEW JERSEY, MANHATTAN TRANSIT COMPANY, A CORPORATION OF THE STATE OF NEW JERSEY, AND WESTWOOD TRANSPORTATION LINES, INC., A CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFFS,
v.
NED J. PARSEKIAN, ACTING DIRECTOR, DIVISION OF MOTOR VEHICLES, DEPARTMENT OF LAW AND PUBLIC SAFETY OF THE STATE OF NEW JERSEY, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided October 29, 1962.
*27 Mr. Merritt Lane, Jr. for plaintiff, Greyhound Corporation, and on behalf of all of the attorneys for all other plaintiffs (Messrs. McCarter & English, attorneys).
Mr. Joseph Harrison for plaintiff Safeway Trails, Inc. (Messrs. Harrison & Jacobs, attorney).
Mr. George M. Eichler, for plaintiff Lincoln Transit Co., Inc., and the seven other plaintiffs joined therein.
Mr. Alan B. Handler, Deputy Attorney General, for all defendants. (Mr. Arthur J. Sills, Attorney General of the State of New Jersey, attorney).
*28 GIULIANO, J.S.C.
On July 31, 1962 this court handed down its decision in the above entitled consolidated case. 76 N.J. Super. 90 by its opinion this court determined that the State of New Jersey could not validly impose a tax on the plaintiff carriers pursuant to R.S. 48:4-20, based on the mileage travelled by the buses of the plaintiffs over the New Jersey Turnpike and the Garden State Parkway.
The plaintiffs and defendants filed cross-motions for an order of the court settling the form of judgment which would be consistent with the court's opinion. The proposed orders submitted to the court by the plaintiffs and defendants differed in only one material respect. The plaintiffs seek an order providing for the allowance of interest on the amounts to be refunded, together with costs, whereas the defendants seek an order disallowing interest and costs.
During the oral argument on September 28, 1962 the court directed that costs be allowed to the plaintiffs. The remaining question to be decided by the court is whether interest should be recovered by the plaintiffs on the sums of money collected from them by the defendants under R.S. 48:4-20, based on mileage traversed on the New Jersey Turnpike and Garden State Parkway.
The question presently before the court arose out of a suit for a declaratory judgment with respect to the proper application and judicial interpretation of R.S. 48:4-20.
All of the plaintiffs are common carriers owning and operating autobuses which travel the highways of the State for the purpose of transporting passengers in both interstate and intrastate commerce. By reason of the interstate nature of their operations the plaintiffs are subject to the provisions of R.S. 48:4-18 et seq. The defendants named in the complaints are David D. Furman, Attorney General of the State of New Jersey, Ned J. Parsekian, Acting Director, Division of Motor Vehicles, and John A. Kervick, Treasurer of the State of New Jersey.
The litigation was initiated when the defendants imposed a tax pursuant to R.S. 48:4-20 with respect to interstate *29 mileage travelled by plaintiffs' buses on the New Jersey Turnpike and the Garden State Parkway.
Prior to the consolidation of the proceedings and the trial of the original action, in the action filed by Lincoln Transit Co., Inc. and others, the Superior Court, Appellate Division, by order dated November 28, 1960, directed that the moneys paid to the defendant Acting Director of Motor Vehicles be segregated in a fund to be maintained pending the disposition of the plaintiffs' suit. It is the court's understanding that the terms of the order were to be applied to all moneys paid by all the plaintiffs named in the consolidated proceeding.
This court, in its opinion of July 31, 1962, held that the New Jersey Turnpike and the Garden State Parkway are not "highways" within the meaning of R.S. 48:4-20. It enjoined the defendants from applying the provisions of R.S. 48:4-20 with respect to interstate travel on the New Jersey Turnpike and the Garden State Parkway, and directed that all sums previously paid by the plaintiffs be refunded.
Before the court can address itself to the question whether the judgment in this matter should provide for payments of interest to the plaintiffs, it must determine the character of the tax assessed since June 1, 1960 under R.S. 48:4-20, which tax was based on the plaintiffs' use of the New Jersey Turnpike and Garden State Parkway. The effect of this court's decision in the original suit was to determine that R.S. 48:4-20 was being improperly applied against the plaintiff carriers in that it imposed the tax with reference to their use of the New Jersey Turnpike and the Garden State Parkway. The imposition of tax in connection with the plaintiffs' travel on highways other than the New Jersey Turnpike and the Garden State Parkway was not contested in the original proceeding. It is therefore the opinion of this court that the imposition of the tax in issue was in the nature of an overassessment, as opposed to an illegal or invalid tax.
In support of the plaintiffs' contention that interest is recoverable by them under the facts of this case, they rely on *30 the case of Mayor and Aldermen of Jersey City v. O'Callaghan, 41 N.J.L. 349 (E. & A. 1879). In that case, the court, at page 351 of its opinion, described the tax involved as having been "adjudged to be illegal." That holding has been narrowed in its scope by the courts of this State in numerous opinions. Hahne Realty Corp. v. Newark, 119 N.J.L. 12, 112 A.L.R. 1179 (E. & A. 1937); Borough of Edgewater v. Corn Products Refining Co., 136 N.J.L. 664 (E. & A. 1948); Milmar Estate, Inc. v. Borough of Fort Lee, 36 N.J. Super. 241 (App. Div. 1955).
In Hahne Realty Corp. v. Newark, supra, the court held that the question presented did not involve an assessment which was void or illegal but rather the dispute was addressed to the amount of the tax assessed. In holding that interest could not be recovered by the plaintiff, the court distinguished the facts in that case from Jersey City v. O'Callaghan, supra. The court held, 41 N.J.L. on page 17 of its opinion:
"* * * The power to levy a proper tax was not wanting  there was no infirmity in the proceeding of making the assessment as was the situation in the cases upon which appellant relies * * *."
Both Borough of Edgewater v. Corn Products Refining Co., supra, and Milmar Estate, Inc. v. Borough of Fort Lee, supra, denied the recovery of interest, citing Hahne Realty v. Newark, supra, as authority for the proposition that interest is not recoverable on an abatement of a tax liability unless a provision is made for it by statute.
Since this court has concluded above that the imposition of the tax by the defendants in the case sub judice was in the nature of an overassessment, the moneys to be refunded to the plaintiffs can readily be characterized as an abatement, making the instant case, in this respect, analogous to the cases cited by the defendants in support of their position. Hahne Realty Corp. v. Newark, supra; Borough of Edgewater v. Corn Products Refining Co., supra; Milmar Estate, Inc. v. Borough of Fort Lee, supra.
*31 Therefore, in the absence of a statute providing for the recovery of interest in the instant case, it is the opinion of this court that payments of interest should not be recovered by the plaintiffs in connection with the amounts to be refunded to them as the result of this court's opinion in the initial proceeding.
An appropriate order for judgment may be submitted.