STATE OF NORTH CAROLINA AND SWAIN COUNTY v. ED FLOYD ET AL., AND STATE OF NORTH CAROLINA AND SWAIN COUNTY v. HEIRS AT LAW OF W. E. QUEEN ET AL.

(Filed 8 March, 1933.)

**1. Eminent Domain E. b—**

Where condemnation proceedings are instituted by the State and are prosecuted to a final determination the State is deemed the owner of the land from the commencement of the proceedings.

2. **Taxation D a—Property held withdrawn from taxation through condemnation by State prior to date of listing property for taxes.**

Where condemnation proceedings are instituted by the State against certain property for the purpose of incorporating it as a part of the Great Smoky Mountain National Park, chapter 48, Public Laws of 1927, and the report of the appraisers is affirmed by the clerk upon appeal to him upon exceptions duly filed, and the owners do not remain in possession after the decree of confirmation: *Held,* the land is withdrawn from taxation by the sovereign as of the date of the decree of confirmation, and where such decree is entered in January the land is not subject to taxes listed against it the following April although the condemnation proceedings were not determined until a subsequent date, and this result is not altered by the provision of the statute that the fee could not pass to the State until the payment of the award, nor the provision permitting the commission to elect not to acquire the lands even after final judgment when such right is not exercised.

3. **Taxation E a—Funds paid into clerk's hands in condemnation proceeding held not subject to payment of taxes under facts of this case.**

Where in proceedings for the condemnation of land by the State under chapter 48, Public Laws of 1927 for incorporation into the Great Smoky Mountain National Park the clerk confirms the report of the appraisers and retains the cause for adjudication of claims against the sum paid into the clerk's hands by the State as compensation: *Held,* the county wherein the land lies is not entitled to the payment of taxes out of such fund where the decree of confirmation was entered prior to date of the listing of the taxes and the compensation is paid subsequent to the listing date.

CIVIL ACTION, before *Sink, J.,* at June Term, 1932, of BUNCOMBE.

On 13 September, 1929, the State of North Carolina instituted a condemnation proceeding before the clerk of the Superior Court of Buncombe County for the purpose of acquiring the lands of Ed Floyd, T. C. Queen, *et al.,* for the purpose of incorporating said land as a part of the Great Smoky Mountain National Park. The proceeding was instituted and conducted under and by virtue of chapter 48, Public Laws of 1927, and acts amendatory thereto. The respondents filed answer admitting the right of the State to condemn the land for park purposes but contested the price to be paid.

Commissioners were duly appointed, who viewed and appraised the land, making a written report to the clerk. Thereafter exceptions were duly filed to the value placed on said lands by the commissioners, and said exceptions "were heard and passed upon by the clerk of the Superior Court of Buncombe County on 27 January, 1930 . . . and on said date the clerk of the Superior Court of Buncombe County confirmed the report of said commissioners and entered judgment in accordance therewith, adjudging the value of the lands as fixed by the commissioners." The said judgment contained the following clause: "That the

foregoing entitled actions are retained for the purpose of adjudication of any and all claims which might be ascertained in, to, or against the money to be paid into the court by the petitioner, the State of North Carolina, pursuant to the provisions of said judgment." The clerk directed that the value of the lands be paid into the clerk's office by the petitioner, and the respondents appealed from the confirming judgment of the clerk to the Superior Court. Pending the appeal the sheriff of Swain County filed a statement with the clerk of the Superior Court, claiming that on 1 April, 1930, the lands described in the petition were placed upon the tax list of Swain County, and that as a result Swain County was entitled to collect taxes and penalties out of the compensation awarded the owner and then in the hands of the clerk.

The trial judge was of the opinion that the taxes and penalties constituted a prior lien upon the compensation and that the funds were subject to such tax lien. From the judgment so rendered the respondents appealed.

*Jones & Ward for respondents.*
*Frye & Jones for Swain County.*

BROGDEN, J. (1) Was the land of the respondent subject to tax on 1 April, 1930?

(2) Does the tax constitute a debt of the landowner enforceable against the money in the hands of the clerk?

For compensation purposes the commencement of the proceeding marks the time of the taking. Consequently, the owner of the land cannot recover for any improvement placed thereon or for enhancement thereof due to other causes. The obvious reason for such conclusion is that the first judicial act in the condemnation process is in contemplation of law, a setting apart of the property for public use. Therefore, if the proceeding is prosecuted to final conclusion the sovereign is deemed to be the owner from the commencement of the proceeding. *Power Co. v. Hayes,* 193 N. C., 104, 136 S. E., 353.

The petitioner, Swain County, contends, however, that the foregoing principle is not pertinent by reason of certain provisions in the Park Act. These provisions are: (1) "Upon the payment of the award rendered in any process or proceedings the title to the lands . . . shall vest in fee simple in the State of North Carolina." (2) "After the final judgment . . . if . . . the acquisition of title to said land (is) undesirable . . . . then the said commission shall be authorized to designate . . . its election not to acquire the title and not to pay the award," etc.

The foregoing clauses are not determinative. While the State does not get a fee-simple title until the payment of the award, notwithstanding, the status of the landowner and of the property is established when the clerk of the Superior Court, upon exceptions duly filed, confirmed the report of the appraising commissioners. This interpretation is reinforced and supported by long prevailing declarations of this Court. For example, in *S. v. Lyle,* 100 N. C., 497, 6 S. E., 379, it is written: "Ever since the ruling in *R. R. v. Davis,* 19 N. C., 451, decided in 1837, after full argument and elaborate and exhaustive discussion of the subject, it has been deemed and acted on as the settled law in this State, that private property may be taken under authority of the State for public uses, upon just compensation to be rendered to the owner, to be ascertained in the mode prescribed by law, and that the payment need not precede such taking, nor is a jury indispensable in assessing the damages therefor." *Jeffress v. Greenville,* 154 N. C., 490, 70 S. E., 919; *Highway Commission v. Young,* 200 N. C., 603, 158 S. E., 91. Nor is the fact that the Park Commission, even after final judgment, had the power to decline to take the land, entitled to prevailing significance. Although clothed with such right, the Commission did not exercise it, but pursued the proceeding to final conclusion. It further appears that the judgment rendered by the clerk and by the judge upon appeal contained a clause retaining the action for the purpose of adjudicating "all claims which might be ascertained in, to or against the money to be paid into the court by the petitioner," etc. Upon this phase of the case, Swain County is asserting no claim against money, but is contending that the land was subject to tax on 1 April, 1930.

It is the thought of this Court that such position is untenable. There is no allegation in the petition and no findings by the trial judge tending to show that the landowners remained in possession of the lands after the decree of confirmation by the clerk or that they received any rents or profits therefrom after commencement of the proceeding. Indeed, it is alleged in the answer of the landowners, which is a part of the record, "that the respondents having surrendered possession of the lands in question to the State of North Carolina on the date said petition was filed, and having filed answers, admitting the right of the State . . . to condemn said land, your respondents aver and say that from and after said date they are not liable for any taxes thereon." Furthermore, it is provided in section 19 of the Park Act that "each judgment rendered in such proceeding shall bind the land and bar all persons claiming title to or interest," etc.

Therefore, it is the opinion of the court that said lands were not subject to tax on 1 April, 1930.

STATE *v.* FIBRE CO.

The second question of law is not pertinent. If the land on 1 April, 1930, was not subject to tax, it must necessarily follow that no debt was created. That is to say, the land was taken by the State by virtue of the power of eminent domain prior to 1 April, 1930. Hence it was withdrawn from taxation by the act of the sovereign. The money was not paid until subsequent thereto, and, therefore, the same was not taxable as the property of the landowner on 1 April, 1930.

Swain County relies upon *Carstarphen v. Plymouth,* 186 N. C., 90, 118 S. E., 905; and *Guilford v. Georgia Co.,* 112 N. C., 34, 17 S. E., 10. See, also, *Products Co. v. Cement Co.,* 200 N. C., 226, 156 S. E., 777. In the *Carstarphen case* there was a sale of the property or a transfer of the title, but the property was not actually withdrawn from taxation by the sovereign through the process of condemnation, and the *Guilford case* involved a claim for taxes duly levied and assessed against the assets of an insolvent corporation. Consequently, these cases are not applicable to the questions involved.

Reversed.