CAROLINA POWER AND LIGHT COMPANY v. CECIL C. BRIGGS AND WIFE, FRANCES C. BRIGGS.

(Filed 21 September, 1966.)

**Eminent Domain § 5—**

Respondents, in an action to take land under eminent domain, are entitled to interest from the date the petitioner acquires the right to possession and not from the date the proceedings were instituted.

APPEALS by petitioner and by respondents from *Falls, J.,* April 1966 Session of BUNCOMBE.

Petitioner, Carolina Power and Light Company, instituted this condemnation proceeding April 2, 1962, in connection with its construction, maintenance and operation of a new steam plant for the generation of electricity on Powell Creek in Limestone Township, Buncombe County, North Carolina, to acquire the fee simple title to a portion of the land owned by respondents, Cecil C. Briggs and wife, Frances C. Briggs. G.S. 62-187; G.S. 40-11 *et seq.* The portion condemned contains 1.901 acres. The remaining portion, on which the Briggs residence is located, contains 3.545 acres and abuts the Long Shoals Road.

Respondents appealed from the clerk's order confirming the report of commissioners and demanded that the issue of damages be tried by a jury.

At trial in superior court, the issue submitted and the jury's answer are as follows: "What amount of damages, if any, are the defendants entitled to recover from petitioner for the taking of the lands and right of way described in the Petition, including damages, if any, to the remaining lands of defendants? ANSWER: $3500.00."

Judgment was entered divesting the title of respondents in the condemned portion of the property and vesting the fee simple title thereto in petitioner. The judgment provided for the payment by petitioner as compensation the total sum of $4,340.00, consisting of

$3,500.00, the amount of the verdict, and of interest thereon at 6% per annum from April 2, 1962, to the date of judgment, to wit, $840.00. The judgment taxed petitioner with the costs of the proceeding.

Respondents' appeal is based on asserted errors in rulings on evidence and portions of the charge. They seek a new trial.

Petitioner's appeal is directed solely to that portion of the judgment allowing said interest item of $840.00. Petitioner contends the judgment should be modified by striking this provision therefrom.

*Van Winkle, Walton, Buck & Wall and Herbert L. Hyde for petitioner.*

*Williams, Williams & Morris for respondents.*

PER CURIAM.

### RESPONDENTS' APPEAL.

Each of respondents' assignments of error has received careful consideration. Conceding there may be technical error in certain of the court's rulings with reference to the admissibility of evidence, a careful reading of the evidence fails to show respondents were prejudiced thereby. Upon the entire record, we find no error of such nature as to justify a new trial.

### PETITIONER'S APPEAL.

On June 8, 1962, petitioner paid into the office of the clerk of the superior court the sum of $6,975.00, the amount of damages assessed by the commissioners. Thereby petitioner acquired the right to "enter, take possession of, and hold said lands, notwithstanding the pendency of the appeal, and until the final judgment rendered on said appeal." G.S. 40-19; *Topping v. Board of Education,* 249 N.C. 291, 106 S.E. 2d 502. In accordance with petitioner's said statutory right, the clerk entered an order "that the petitioner be and it is hereby placed and put into possession of the lands and premises described in the petition." For procedure in condemnation proceedings instituted by the State Highway Commission, see G.S. 136-103 *et seq.,* and *Highway Commission v. Industrial Center,* 263 N.C. 230, 139 S.E. 2d 253.

Applying the rule established in *Winston-Salem v. Wells,* 249 N.C. 148, 105 S.E. 2d 435, respondents were entitled to judgment for $3,500.00 and interest thereon from June 8, 1962, the date petitioner acquired the right to possession. The court was in error in allowing interest from April 2, 1962, the date petitioner instituted this proceeding. Hence, there should be subtracted from the principal of the

judgment an amount equal to the interest on $3,500.00 from April 2, 1962, to June 8, 1962. It is ordered that the judgment be and is so modified; and, as so modified, the judgment is affirmed.

On respondents' appeal: No error.

On petitioner's appeal: Modified and affirmed.