DUKE POWER COMPANY v. WORTH WINEBARGER AND WIFE, REBECCA WINEBARGER

No. 7823SC731

(Filed 17 July 1979)

**1. Eminent Domain § 6.9— value witness—cross-examination—sales prices of other property**

In this action to condemn a right of way for an electric transmission line, the trial court erred in permitting petitioner's counsel to ask respondents' expert witness on cross-examination whether he did not know that certain individuals had sold property for stated sums per acre where there was no proof

of the actual sales price other than the implication in counsel's questions. However, respondents waived objection to such questions by failing to object to the same questions later in the trial.

2. **Eminent Domain § 6.9— value witness—price paid for adjoining property—objection on wrong ground**

   The trial court in a condemnation proceeding did not commit prejudicial error in failing to instruct the jury to disregard all of a value witness's testimony on cross-examination concerning the price the witness had paid for adjoining land where objection to the testimony was based upon grounds that would not render the testimony irrelevant for the purpose of testing the witness's knowledge of transactions in nearby real estate.

3. **Eminent Domain § 6.2— evidence of value—consideration of sales of similar property**

   A witness could properly testify that his method of appraising the property in question included a consideration of sales of similar property.

4. **Eminent Domain § 5.10— condemnation proceeding—entitlement to interest**

   In this proceeding to condemn a right of way for an electric transmission line, the trial court did not err in instructing the jury that it should not add interest to its verdict of just compensation but that the court would do so, or in entering a judgment for the amount of the jury verdict plus 6 percent interest from the date of the judgment, since the date the condemnor acquired the right to possession determined the date from which interest was to be paid, and the condemnor was not entitled to possession until the judgment was entered.

   Judge HEDRICK dissents.

APPEAL by respondents from *Albright, Judge.* Judgment entered 4 May 1978 in Superior Court, WILKES County. Heard in the Court of Appeals 30 April 1979.

This appeal is from an action filed by Duke Power Company for condemnation of a right of way and easement for an electric transmitting line between Duke's Lenoir substation and its Wilkes Tie Station. A consent order was entered into between Duke and the respondents establishing Duke's right to appropriate certain rights over the 390-acre tract belonging to respondents and reserving for trial a determination of just compensation for appropriation of the right of way. The cause was set for jury trial in Wilkes County Superior Court. A duly impaneled jury returned a verdict awarding the respondents $16,000 damages for the right of way and easement. The respondents appeal assigning error to rulings and instructions by the trial judge.

*William I. Ward, Jr., and McElwee, Hall & McElwee, by William H. McElwee III and William C. Warden, Jr., for petitioner appellee.*

*Franklin Smith and Larry S. Moore for respondent appellants.*

MORRIS, Chief Judge.

**[1]** Respondents first assign error to the admission, over objection, of questions propounded on cross-examination of respondents' expert witness. The following appears in the record:

"Q. Let me ask you this, do you know anything of a 225.4 acre sale made by Johnson J. Hayes, Jr., to John and Joy Payne in November 1976?

A. No. As I stated I did not base any appraisal on any comparable.

Q. You don't know that property sold for $148.00 an acre, do you?

A. No, sir.

Mr. Smith objects. Overruled.

EXCEPTION NO. 4

Q. You don't know that sold for $148.00 an acre?

A. No, I do not.

Q. How about the Douglas Ferguson sale of property from Coyd Kilby?

Mr. Moore objects.

Q. You don't know that it sold for $114.00 an acre?

Mr. Smith objects."

The question presented by this assignment of error, apparently because of the difficulty in application of the applicable rule, several times has been brought to the appellate courts of this State. The issue concerns the extent to which the sales prices of other property within the area, not shown to be substantially similar to the property in question, may be used for the limited

purpose' of impeachment to test the credibility and expertise of a
witness who has been offered to testify to the value of the prop-
erty directly in issue. In *Carver v. Lykes*, 262 N.C. 345, 137 S.E.
2d 139 (1964), where the primary issue was the negligence of a
real estate salesman in failing to obtain an adequate price for land
in a sale to Carolina Power and Light Company, the value of the
land sold was before the court. The real estate agent was asked
during cross-examination, without foundation and over objection,
the following: "Do you know he (Moody) sold two acres to
Carolina Power and Light Company for $1,375.00 an acre?" In
reviewing the propriety of the question, Justice Sharp
acknowledged the so-called "utmost freedom of cross-
examination" rule announced in *Barnes v. Highway Commission*,
250 N.C. 378, 109 S.E. 2d 219 (1959). That decision permitted the
cross-examination of an expert witness with respect to the sales
prices of nearby property (not just substantially similar property)
to test his knowledge of values and for the limited purpose of im-
peachment, not as substantive evidence establishing value.
Justice Sharp, nevertheless, carefully delineated the limits on the
rule in order to prevent a party from improperly using such
cross-examination as a technique to place before the jury the
value of dissimilar property. Her explanation of the limits of the
rule, uniquely appropriate to this appeal, is worthy of quotation:

> "The 'utmost freedom of cross-examination' to test a witness'
> knowledge of values, mentioned in *Barnes v. Highway Com-
> mission, supra*, does not mean that counsel may ask the
> witness if he doesn't know that a certain individual sold his
> property for a stated sum with no proof of the actual sales
> price other than the implication in his question. *Bennett v.
> R.R.*, 170 N.C. 389, 87 S.E. 133, 16D L.R.A. 1074. Where such
> information is material it is easy enough to establish by the
> witness himself, whether a certain property has been sold to
> his knowledge and, if so, whether he knows the price. If he
> says he does not know, his lack of knowledge is thus
> established by his own testimony and doubt is cast on the
> value of his opinion. *Highway Commission v. Privett*, 246
> N.C. 501, 506, 99 S.E. 2d 61. If he asserts his knowledge of
> the sale and, in response to the cross-examiner's question,
> states a totally erroneous sales price, is the adverse party
> bound by the answer or may he call witnesses to establish

the true purchase price? Unless per chance the purchase price of the particular property was competent as substantive evidence of the value of the property involved in the action, it would seem that the party asking the question should be bound by the answer. To hold otherwise would open a Pandora's box of collateral issues." 262 N.C. at 356-57, 137 S.E. 2d at 148.

Although we conclude that the above testimony was incompetent and the questions improperly phrased under *Carver v. Lykes*, supra, we, nevertheless, conclude, as did that Court, that the respondents waived their objection by failing to object to the same questions later in the trial. *See also Highway Comm. v. McDonald*, 8 N.C. App. 56, 173 S.E. 2d 572 (1970); *Redevelopment Comm. v. Stewart*, 3 N.C. App. 271, 164 S.E. 2d 495 (1968), *cert. denied*, 275 N.C. 138 (1969).

[2]  Respondent presents a similar issue by his assignment of error directed to the failure of the trial court promptly to rule on objections interposed during the cross-examination of the respondent's witness Paul Osborne. Whether the failure promptly to rule on objections is prejudicial error must ultimately depend upon whether it was error to admit the evidence, and whether that error has been preserved on appeal. The witness is a real estate salesman and for 35 years previously had been involved in the sale and exchange of real estate. He appraised respondents' land at $600 per acre. On cross-examination, the witness was questioned concerning the value of the property adjoining respondents' property which, seven or eight years prior to trial, the witness had acquired in a property exchange. Without foundation and over objection, petitioner's counsel repeatedly was permitted to ask the witness if he had not paid sixty dollars per acre for that land. After numerous objections upon which the trial judge did not rule, the court excused the jury and heard testimony and arguments of counsel before he determined that the evidence was inadmissible. The objection was thereafter sustained in the absence of the jury, and, at the end of cross-examination, the trial court instructed the jury not to consider the witness' testimony for the purpose of fixing value with respect to the subject property, but to consider it only as it might bear upon the witness' knowledge of property values.

A trial judge, especially when presiding over a jury trial, has a duty promptly to rule on timely objections. *See State v. Norman*, 19 N.C. App. 299, 198 S.E. 2d 480 (1973), *cert. denied*, 284 N.C. 257, 200 S.E. 2d 657 (1973). *See generally* 1 Stansbury's N.C. Evidence § 28 (Brandis rev. 1973); 1 Wigmore on Evidence § 19 (3d ed. 1940). The trial judge failed promptly to rule on the objections, but later instructed the jury after ultimately sustaining the objection, that "you may not consider this testimony as substantive evidence for the purpose of fixing value of the subject property in this case. You may consider this testimony insofar as it bears upon the witness' knowledge of values . . . or only insofar as it impeached the testimony of this witness. . . ." The instruction was insufficient because it failed to instruct the jury that evidence of the price for which the witness purchased the adjoining land, under the circumstances of this case, was incompetent for any purpose. In our opinion, petitioner's questions again were phrased improperly and included incompetent matter. According to *Carver v. Lykes, supra*, unless there is a foundation sufficient to render the price of the adjoining property competent as substantive evidence or unless the price properly was elicited previously during cross-examination, a witness on cross-examination may not be asked if property was not purchased for a particular specified price. Nevertheless, under the particular facts of this case we are of the opinion that it was not prejudicial error to fail to instruct the jury to disregard all of the evidence concerning the price the witness paid for the adjoining land. We note that although respondents argue in their brief the rule in *Carver v. Lykes, supra*, in support of their exception and assignment of error, it appears that they argued to the trial court a different basis for the objection. The specific basis of the objection in the trial court was the fact that the purchase by the witness was not a sale, but an exchange of land plus "boot". The fact that the transaction encompassed an exchange in kind plus "boot" alone would not render evidence of the exchange irrelevant for the purpose of testing a witness' knowledge of transactions in nearby real estate. Therefore, we find that the evidence was not erroneously admitted over an appropriate objection. The specific objection is effective only to the extent of the grounds enunciated. *See generally* 1 Stansbury's N.C. Evidence § 27 (Brandis rev. 1973). Therefore, failure to instruct the jury to disregard *in toto* the testimony in question was not error. This assignment of error is overruled.

[3]   Respondents next contend that the trial court erred in permitting the petitioner's witness Sturdivant's testimony with respect to his method of appraising the property in question. They assert that the testimony was necessarily based upon inadmissible hearsay evidence of the sales of similar property. Respondents' objection is unfounded. It is established in this State that a witness generally may give his opinion on the value of property even though based upon evidence some of the elements of which would independently be inadmissible. *Highway Commission v. Conrad*, 263 N.C. 394, 139 S.E. 2d 553 (1965). This witness did not state the sales prices of the similar property. This he is prohibited from doing unless he has first-hand knowledge of the sale. However, the witness "may testify as to the basis of his opinion because it is not offered to show the truth or falsity of such matters, but how the witnesses arrived at a value. It is therefore not hearsay evidence." 263 N.C. at 400, 139 S.E. 2d at 558.

[4]   Finally, respondents contend that the trial court erred in instructing the jury that they should not add interest to their verdict, and that the court would do so. The jury returned a verdict of $16,000 as damage for the taking of the property. Judgment was entered for $16,000 plus 6 per cent interest from the date of the judgment. We find no error in the charge or the judgment. It is true that a party is entitled to 6 per cent interest from the date of the taking. This interest is a necessary element of just compensation and represents the loss from delay in payment for the taking. *DeBruhl v. Highway Commission*, 247 N.C. 671, 102 S.E. 2d 229 (1958). The date the condemnor acquires the right to possession determines the date from which interest should be paid. *City of Kings Mountain v. Goforth*, 283 N.C. 316, 196 S.E. 2d 231 (1973); *Light Co. v. Briggs*, 268 N.C. 158, 150 S.E. 2d 16 (1968) (*per curiam*); *Winston-Salem v. Wells*, 249 N.C. 148, 105 S.E. 2d 435 (1958). Title vested in the petitioner upon the entry of judgment decreeing "that there is hereby condemned and granted from the Respondents, Worth Winebarger and wife, Rebecca Winebarger, their successors and assigns a right-of-way and easement over, across and through Respondents' land. . . ." Because petitioner was not entitled to possession until the entry of judgment 5 May 1978, the court's instructions with respect to interest awarded were correct.

Finally, we find no merit to respondents' contention that the instructions defining a quotient verdict, which were intended to caution the jury with respect to the invalidity of such a verdict, had the effect of inducing a quotient verdict.

No error.

Judge WEBB concurs.

Judge HEDRICK dissents.