GREENSBORO-HIGH POINT AIRPORT AUTHORITY v. PEARL TAYLOR IRVIN, CHARLES WATSON IRVIN, JR. AND WIFE, MARY S. IRVIN, JOHN LAFAYETTE IRVIN AND WIFE, NANCY B. IRVIN, DORIS IRVIN EGERTON AND HUSBAND, GEORGE G. EGERTON

No. 8118SC187

(Filed 20 October 1981)

Eminent Domain § 5.2— time for determining compensation—date of trial rather than date of petition

Where a petition to condemn plaintiff's land was filed in 1975 but the parties were unable to agree upon a purchase price and during the years of litigation the owners have received no payment and no interest has accrued on the value of the property assessed by the commissioners in 1976, the market value of the property must be determined as of the date of trial rather than the usual valuation date of the date of the petition.

APPEAL by defendants from *Walker, Judge.* Judgment entered 10 November 1980 in Superior Court, GUILFORD County. Heard in the Court of Appeals 22 September 1981.

On 1 July 1975 the Airport Authority filed a petition to condemn 90.35 acres of defendants' land for airport purposes. The parties were unable to agree on a purchase price and commissioners were appointed to assess the market value of the property. The commissioners' report came in on 24 November 1976 but no monies were paid into court and no entry upon the land was made by the Airport Authority.

After numerous appeals over several years' time, a pretrial order was entered by Judge Mills on 2 May 1979 finding that the date of "taking" on which valuation of the property was to be based was the date on which the Airport Authority should deposit monies in court or the date of trial, whichever occurred first. On 3 November 1980, this pretrial order was modified by Judge Walker who found the date of taking to have been 1 July 1975. Using this date to determine market value, the jury returned an award of $400,000 for defendants, an increase of $90,000 over the appraisal of the commissioners.

Defendants appeal.

*Cooke and Cooke, by Arthur O. Cooke and William Owen Cooke, for plaintiff appellee.*

*Dees, Johnson, Tart, Giles & Tedder, by J. Sam Johnson, Jr., and Hugh P. Griffin, Jr., for defendant appellants.*

ARNOLD, Judge.

The question presented by this appeal is whether, for the purpose of assessing the value of defendants' land, the date of taking was the date the petition was filed or the date of trial, some five years after petition.

The Airport Authority's position is that North Carolina cases consistently have held that the value of land taken by eminent domain "should be ascertained as of the date of the taking . . ." and that "the land is taken within the meaning of this principle when the proceeding is begun." *Western Carolina Power Co. v. Hayes,* 193 N.C. 104, 107, 136 S.E. 353 (1927). Indeed it may be said that a policy favoring the date of petition as the date of taking has been developed by courts and that this policy holds a certain attraction in that it establishes a uniform valuation date. *See Kings Mountain v. Goforth,* 283 N.C. 316, 196 S.E. 2d 231 (1973); *Ayden v. Lan-*

*caster,* 197 N.C. 556, 150 S.E. 40 (1929). However, a close anaylsis of cases setting forth the rule that the date of taking in a Chapter 40 condemnation proceeding is the date the proceeding is commenced discloses, in our view, an underlying purpose for the rule. It is to prevent a windfall to the landowner whose property value is "enhanced by the purpose for which it is taken." *Ayden, supra* at 559. In the case at bar there is no evidence that the value of defendants' land was so enhanced or that it increased because of anything other than a general increase in property values during the five years between petition and trial. In *Kings Mountain v. Goforth, supra,* and *Charlotte v. Spratt,* 263 N.C. 656, 140 S.E. 2d 341 (1965), our Supreme Court adhered to the rule which was applied by the trial court: that the value of the condemned property is determined as of the date the condemnation action is commenced. In both *Kings Mountain* and *Charlotte v. Spratt* Chief Justice Bobbitt, writing for the Court, prefaced his statement of the rule with the adverb "ordinarily," thus implying that some facts might justify imposition of a valuation date other than the date of petition. Such a fact situation is presented by the present case.

During the years of litigation between these parties the property owners have received no payment, and no interest has accrued on the value which was assessed by the Commissioners. Our economy unquestionably has experienced rampant inflation during this period of time resulting in a reduction in the value of the dollar. To permit the Authority to satisfy its obligation to the landowners in the value of 1980 dollars when the value of the land was measured by 1975 dollars of considerably greater value is patently unfair. The market value of the property, therefore, in the case at bar, must be ascertained as of the date of trial rather than the date of petition.

We are unimpressed by plaintiff's contention that the long delay here was due to defendants' election to raise a "myriad" of defenses to the condemnation proceeding which resulted in four years of hearings and appeals.

Likewise, we refuse to accept plaintiff's argument that payment of money into court would have been futile. While it is true that such payment would not have given plaintiff the right to damage or irreversibly alter the land while the appeal was pending, it would have placed the plaintiff in possession for the purpose of establishing the valuation date.

New trial.

Judges VAUGHN and WEBB concur.