DARE COUNTY BOARD OF EDUCATION, ETC., PLAINTIFF v. ELPIS J. G. B. SAKARIA, ET. AL., DEFENDANTS

No. COA97-16

(Filed 4 November 1997)

**Eminent Domain § 126 (NCI4th)— board of education—Ch. 40A condemnation—interest—meaning of "date of taking"**

Interest from the "date of taking" allowed by N.C.G.S. § 40A-53 in a Chapter 40A condemnation proceeding refers to the date the condemnor acquires the right of possession of the property, not the date the condemnation proceeding was initiated; therefore, in a condemnation proceeding instituted by a county

---

board of education, the landowners were properly awarded inter-
est from the date of the corrected judgment vesting title in the
board of education.

Defendants appeal from judgment filed 7 June 1996 by Judge
James E. Ragan, III in Dare County Superior Court. Heard in the
Court of Appeals 10 September 1997.

*DeVeau & Norcross, P.A., by Ronald E. DeVeau, for plaintiff-
appellee.*

*Vandeventer, Black, Meredith & Martin, L.L.P., by Norman W.
Shearin, Jr. and Robert L. O'Donnell, for defendants-appellants.*

JOHN, Judge.

Defendants appeal the trial court's order awarding interest under
N.C.G.S. § 40A-53 (1984) in this condemnation proceeding from the
date of entry of the court's corrected judgment. Defendants contend
interest should have been calculated effective the date of filing by
plaintiff of its condemnation complaints and the contemporaneous
deposit pursuant to N.C.G.S. § 40A-41 (1984) of the "sum of money
estimated . . . to be just compensation." G.S. § 40A-41. We disagree
and affirm the trial court.

Pertinent facts and procedural information include the following:
Plaintiff Dare County Board of Education initiated condemnation
proceedings in Dare County Superior Court against defendants Elpis
Sakaria, Raj Alexander Trust, Jera Associates and Jack and Lillian
Hillman for the purpose of acquiring six lots adjacent to Cape
Hatteras School in Buxton on Hatteras Island. The land was intended
for expansion of school recreation fields under Article 3 of Chapter
40A. Condemnation complaints were filed 19 February 1993, and
plaintiff deposited $21,400 with the clerk of court pursuant to G.S.
§ 40A-41 on that date. Defendants answered and challenged, under
N.C.G.S. § 115C-517 (1994) and the North Carolina Constitution,
plaintiff's authority to take defendants' land.

The cases were consolidated for trial of all issues other than just
compensation, and the trial court resolved those issues in favor of
plaintiff. A corrected judgment was entered 25 May 1994 providing,
*inter alia*:

That title to the properties described in the Complaint is vested in [plaintiff], and [plaintiff] is entitled to possession and ownership thereof.

This Court affirmed the trial court's decision in *Dare County Bd. of Education v. Sakaria*, 118 N.C. App. 609, 456 S.E.2d 842 (1995), and our Supreme Court affirmed this Court's decision *per curiam*, 342 N.C. 648, 466 S.E.2d 717 (1996), *reh'g denied*, 343 N.C. 128, 468 S.E.2d 778 (1996). Defendants' subsequent appeal to the United States Supreme Court was unavailing. *Sakaria v. Dare County Board of Ed.*, *cert. denied*, 65 U.S.L.W. 3335, 3341, 136 L. Ed. 2d 325 (1996); *rehearing denied*, 65 U.S.L.W. 3466, 136 L. Ed. 2d 638 (1997).

The just compensation portion of the proceedings commenced in the trial court 15 April 1996. The jury returned verdicts totaling $475,000 in favor of defendants 19 April 1996. Defendants did not seek disbursement of the just compensation estimate deposit prior to the conclusion of trial. The trial court's judgment on the verdict awarded interest pursuant to G.S. § 40A-53 from 25 May 1994, the date of the corrected judgment on the issue of plaintiff's right to take. Defendants timely filed notice of appeal, contending interest should have been calculated from 19 February 1993, the date of filing of the four condemnation complaints and of plaintiff's deposit. Although plaintiff likewise entered notice of cross-appeal, it filed no brief in support of its assignments of error, and we deem its cross-appeal abandoned. N.C.R. App. P. 13(c).

The sole issue for our resolution is the meaning of the phrase "date of taking" in G.S. § 40A-53. The statute reads as follows:

To the amount awarded as compensation by the commissioners or a jury or judge, the judge shall add interest at a rate of six percent (6%) per annum on said amount from the date of taking to the date of judgment. Interest shall not be allowed from the date of deposit on so much thereof as shall have been paid into court as provided in this Article.

Defendants contend "date of taking" refers to the date upon which a condemnation complaint has been filed. Plaintiff, on the other hand, interprets "date of taking" to mean "the date that title vests in the Board or the date that the Board obtains the right of possession, whichever is earlier." We conclude plaintiff is correct.

At the outset, we note Chapter 40A does not define "date of taking" either in G.S. § 40A-53 or within the definitions set out in

N.C.G.S. § 40A-2 (1984). We further observe that no appellate decision has been rendered by our courts addressing G.S. § 40A-53 since it became effective fifteen years ago. The issue presented thus is one of first impression.

Statutory interpretation presents a question of law. *McLeod v. Nationwide Mutual Ins. Co.*, 115 N.C. App. 283, 288, 444 S.E.2d 487, 490, *disc. review denied*, 337 N.C. 694, 448 S.E.2d 528 (1994). The cardinal principle in the process is to ensure accomplishment of legislative intent. *Id.* To achieve this end, the court should consider "the language of the statute or ordinance, the spirit of the act and what the act seeks to accomplish." *Hayes v. Fowler*, 123 N.C. App. 400, 404-05, 473 S.E.2d 442, 445 (1996) (citation omitted).

Further, it is presumed the legislature acted with full knowledge of prior and existing law, *Investors, Inc. v. Berry*, 293 N.C. 688, 695, 239 S.E.2d 566, 570 (1977), and with care and deliberation, *State v. Benton*, 276 N.C. 641, 658, 174 S.E.2d 793, 804 (1970). Every statute is to be interpreted "in light of the . . . laws as they were understood" at the time of the enactment at issue. *News and Observer v. State; Co. of Wake v. State; Murphy v. State*, 312 N.C. 276, 282, 322 S.E.2d 133, 137 (1984).

Finally, when a term has obtained long-standing legal significance, we presume the legislature intended such significance to attach to its use of that term, absent indication to the contrary. *Black v. Littlejohn*, 312 N.C. 626, 639, 325 S.E.2d 469, 478 (1985). A complimentary rule of construction provides that when technical terms or terms of art are used in a statute, they are presumed to be used with their technical meaning in mind, likewise absent legislative intent to the contrary. *Id.*

Chapter 40A, the section at issue herein, was enacted in 1981, repealing and replacing Chapter 40. The latter contained no interest provision analogous to G.S. § 40A-53. However, pre-Chapter 40A case law uniformly held interest ran from the date of taking, interpreted as the date upon which the condemnor acquired the right to possession of the property. *See, e.g., Light Co. v. Briggs*, 268 N.C. 158, 159, 150 S.E.2d 16, 17 (1966) (respondents entitled to interest from date petitioner "acquired the right to possession," viewed as date petitioner paid to clerk of court "the amount of damages assessed by commissioners" and not "the date petitioner instituted this proceeding"); *Power Co. v. Winebarger*, 42 N.C. App. 330, 336, 256 S.E.2d 723, 727-28 (1979), *reversed on other grounds*, 300 N.C. 57, 265 S.E.2d 227

(1980) ("[i]t is true that a party is entitled to 6 per cent interest from the date of the taking . . . . The date the condemnor acquires the right to possession determines the date from which interest should be paid," and condemnor "was not entitled to possession until the entry of judgment" vesting title in condemnor) (citations omitted); and *Board of Education v. Evans*, 21 N.C. App. 493, 497, 204 S.E.2d 899, 902, *cert. denied*, 285 N.C. 588, 206 S.E.2d 862 (1974) ("[i]t is well established as the law in this State that the landowner is entitled to interest from the date the condemnor acquires the right to possession, not from the date the petition is filed").

Conversely, the law was similarly settled that, for purposes of determining the value of the property, the critical date was the "date of taking," *see, e.g., Charlotte v. Spratt*, 263 N.C. 656, 662, 140 S.E.2d 341, 345 (1965); *City of Kings Mountain v. Goforth*, 283 N.C. 316, 322, 196 S.E.2d 231, 236 (1973), consistently interpreted as the date of commencement of condemnation proceedings. *Id.*

Accordingly, the law at the time the General Assembly enacted Chapter 40A viewed "date of taking" in two ways depending upon the context. Regarding valuation of condemned property, the "date of taking" referred to that date upon which condemnation proceedings were begun. With respect to interest, "date of taking" referred to the date upon which the condemnor obtained the right to possession of the property.

Defendants in essence urge us to adopt a definition of "date of taking" that encompasses the premise that their "use, enjoyment and benefit of ownership of their land was irreparably changed as of February 19, 1993," the date condemnation proceedings were initiated. At such point, according to defendants, any rights they had to the land, such as removal of timber, buildings, structure or fixtures on the property, as noticed to them by plaintiff pursuant to G.S. § 40A-41, were "illusory." Moreover, defendants continue, any "opportunity to use, enjoy or benefit from owning their lots was irreparably lost by the initiation of the condemnation proceedings."

While sensitive to the practical implications of defendants' argument, we conclude such concerns must be directed to the General Assembly. The case law set out above demonstrates that the term "date of taking" had acquired legal significance as a term of art for purposes of computation of interest at the time Chapter 40A was enacted, and we ascertain no legislative intent to deviate from this accepted common law meaning. *See Black*, 312 N.C. at 639, 325

S.E.2d at 478. Had the General Assembly intended "date of taking" in the context at issue to denote the date of filing of the condemnation complaint, it was within their power, and not ours, to so provide. Significantly, the General Assembly undertook to codify "date of taking" regarding valuation in N.C.G.S. § 40A-63 (1984), clearly stating "[t]he day of filing of a petition or complaint shall be the date of valuation. . . ." However, no such action was taken concerning the calculation of interest, and we decline to infer therefrom any intent to deviate from the settled common law meaning of "date of taking."

Both parties cite *Airport Authority v. Irvin*, 306 N.C. 263, 293 S.E.2d 149 (1982), although its applicability is somewhat limited in that the condemnor therein was a private entity and the case was decided under Chapter 40. The "sole question" before the Court in *Airport Authority* was the proper date for determining the value of the property for just compensation, *id.* at 264, 293 S.E.2d at 151, which our Supreme Court held to be the date of filing of the condemnation petition. *Id.* Although the new statute did not apply, the Court noted with interest the codification of this common law rule by G.S. § 40A-63. *Id.* at 271, 293 S.E.2d at 154-55.

The Court then considered the question of interest on the jury award and held "the date the condemnor acquires the right to possession is the date from which interest should be paid." *Id.* at 272, 293 S.E.2d at 155. The Court stated the condemnor

> acquired the right of possession at the same time title vested—upon entry of judgment by the trial court awarding damages for the taking and the payment of that amount by the [condemnor].

*Id.* at 273, 293 S.E.2d at 156. However, the condemnor in *Airport Authority* had elected not to pay the award into court as permitted by Chapter 40 and thus deprived itself of the right to actual possession. *Id.* The Court therefore concluded the property owners were entitled to interest from the date of filing of the commissioner's report determining the value of the property. *Id.* at 274, 293 S.E.2d at 156. We do not believe this case changes the meaning of "date of taking" for the purpose of accrual of interest; indeed, the decision tends to support plaintiff's position herein.

Based upon the foregoing, we hold that "date of taking" in G.S. § 40A-53 connotes the date upon which the condemnor acquires the right to possession of the property involved. Defendants have failed to persuade us that, upon enactment of Chapter 40A, the General

Assembly intended any deviation from the settled common law meaning of "date of taking" in the context of computation of interest.

Additionally, in ascertaining and giving effect to legislative intent, courts are to construe a legislative act as a whole. *In re Badzinski*, 79 N.C. App. 250, 255, 339 S.E.2d 80, 82-83, *disc. review denied*, 317 N.C. 703, 347 S.E.2d 35 (1986). Bearing this rule in mind, we note that N.C.G.S. § 40A-42 (Cum. Supp. 1996) states with precision that title and the right to immediate possession vest in certain specified circumstances, none of which are present in the case *sub judice*.

Subsection (a) of G.S. 40A-42, for example, which provides for vesting of title and the right of possession "upon the filing of the complaint and the making of the deposit in accordance with G.S. 40A-41," is not applicable to plaintiff School Board. Subsection (a), which sets out sixteen particular instances in which the filing of complaint and making of deposit date applies, does not include educational condemnation in its listing. The subsection thus does not apply here where plaintiff instituted the instant condemnation proceedings for purposes of acquiring land to expand recreational fields at Cape Hatteras School.

Subsection (b) of G.S. § 40A-42 designates three events which trigger vesting of title and the right to immediate possession upon filing of a condemnation complaint and the deposit of estimated just compensation: (1) filing of an answer by the landowner requesting only determination of just compensation, (2) failure of the landowner to file a timely answer, and (3) disbursement of the deposit in accordance with the provisions of G.S. § 40A-44. None of these events occurred in the present instance. Defendants challenged the authority of plaintiff to condemn the property, answered the complaint within the 120-day time period established by G.S. § 40A-46, and obtained plaintiff's deposit only subsequent to trial.

In sum, under the circumstances *sub judice*, the trial court did not err in awarding interest calculated from the date upon which plaintiff was entitled to possession, *i.e.*, the date of the corrected judgment.

Affirmed.

Judges LEWIS and SMITH concur.