IN THE COURT OF APPEALS OF NORTH CAROLINA

2022-NCCOA-333

No. COA21-729

Filed 17 May 2022

Orange County, No. 21 CVS 007

KATHERINE BIRCHARD, Plaintiff,

v.

BLUE CROSS AND BLUE SHIELD OF NORTH CAROLINA, INC., THE NORTH
CAROLINA STATE HEALTH PLAN a/k/a NORTH CAROLINA STATE HEALTH
PLAN, a body politic and corporate, and THE BOARD OF TRUSTEES OF THE
STATE HEALTH PLAN FOR TEACHERS AND STATE EMPLOYEES, Defendant.

Appeal by plaintiff from order entered 2 July 2021 by Judge Alyson Adams
Grine in Orange County Superior Court. Heard in the Court of Appeals 26 April
2022.

*Barry Nakell for plaintiff-appellant.*

*Gallivan, White & Boyd, P.A., by Christopher M. Kelly and Kelsey N. Dorton,
for defendant-appellee Blue Cross and Blue Shield of North Carolina, Inc.*

TYSON, Judge.

¶ 1    Katherine Birchard ("Plaintiff") appeals the trial court's order dismissing her
complaint for lack of subject matter jurisdiction and for failure to state a claim upon
which relief can be granted in favor of Blue Cross and Blue Shield of North Carolina,
the North Carolina State Health Plan, and the Board of Trustees for the State Health
Plan for Teachers and State Employees (collectively "Defendants"). We affirm.

## I. Background

Plaintiff was a member of a medical insurance plan entitled "State Health Plan for Teachers and State Employees Enhanced 80/20 PPO Plan" ("Plan"). The Plan was made available to Plaintiff pursuant to N.C. Gen. Stat. §§ 135-48.1 *et seq.* and 135-75.2 (2021), because of her employment at the University of North Carolina School of Medicine as a licensed physician and faculty member of the Radiology Department.

The Plan is administered under a state contract with Defendant, Blue Cross Blue Shield of North Carolina ("BCBSNC"). BCBSNC is a private North Carolina corporation and serves as the contract administrator of the Plan. BCBSNC also separately provides medical insurance to other subscribers and members in the State of North Carolina. The Plan requires a member to request "certification from the Mental Health Case Manager" before accessing coverage and benefits for care in a "Psychiatric Residential Treatment Center." The Plan specifically states there is no coverage for services "that are: Not medically necessary."

Plaintiff requested certification from BCBSNC of coverage and benefits for her to be treated and monitored for severe depression and suicidal ideation in a "Psychiatric Residential Treatment Center." Defendant denied Plaintiff's request in December 2017 after finding the request was "Not medically necessary" in accordance with Beacon NMNC 1.101.02. These standards require: first, the patient shows "symptoms consistent with a DSM or corresponding ICD diagnosis"; second, the

"member's psychiatric condition requires 24-hour medical/psychiatric and nursing services and of such intensity that needed services can only be provided in an acute psychiatric hospital"; third, "[i]npatient psychiatric services are expected to significantly improve the member's psychiatric condition within a reasonable period of time so that acute, short-term 24-hour inpatient medical/psychiatric and nursing services will no longer be needed"; and, fourth, the "symptoms do not result from a medical condition that would be more appropriately treated on a medical/surgical unit."

¶ 5 Plaintiff filed her original complaint in superior court in January 2021 alleging breach of contract, in violation of N.C. Gen. Stat. § 59-3-220 (2021), and unfair and deceptive trade practices against only BCBSNC. BCBSNC filed motions to dismiss for lack of subject matter jurisdiction and failure to assert a claim by law pursuant to North Carolina Rules of Civil Procedure 12(b)(1) and 12(b)(6).

¶ 6 Plaintiff filed her First Amended Complaint on 14 April 2021 and added Defendants, North Carolina State Health Plan, and the Board of Trustees of the State Health Plan for Teachers and State Employees, as parties. Plaintiff alleged breach of contract, violation of N.C. Gen. Stat. § 59-3-220, unfair and deceptive trade practices, and bad faith refusal to pay health or medical insurance benefits against Defendants. Plaintiff never asserted any claim before the Industrial Commission. Defendants filed a motion to dismiss Plaintiff's First Amended Complaint for lack of

subject matter jurisdiction and for failure to state a claim for which relief can be granted.

¶ 7     The trial court granted Defendants' Rules 12(b)(1) and 12(b)(6) motions to dismiss. Plaintiff appeals.

## II.     Jurisdiction

¶ 8     Appellate review is proper pursuant to N.C. Gen. Stat. § 7A-27(b) (2021).

## III.     Issues

¶ 9     Plaintiff raises two issues of whether the trial court erred by: (1) dismissing her First Amended Complaint against Defendants under Rule 12(b)(l) of the North Carolina Rules of Civil Procedure for lack of subject matter jurisdiction in the superior court; and, (2) dismissing her First Amended Complaint against Defendants under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

## IV.     Analysis

### A. Standard of Review

¶ 10     A trial court's order granting a motion to dismiss under Rule 12(b)(1) and under Rule 12(b)(6) is reviewed *de novo* on appeal. *Corwin as Tr. for Beatrice Corwin Living Irrevocable Tr. v. Brit. Am. Tobacco PLC*, 371 N.C. 605, 611, 821 S.E.2d 729, 734 (2018).

### B. Procedural Status

¶ 11     Plaintiff argues the superior court possessed jurisdiction to review BCBSNC's

decision to deny her certification.

> [Part 4. Health Benefit Plan External Review] applies to all insurers that offer a health benefit plan and that provide or perform utilization review pursuant to G.S. 58-50-61, the *State Health Plan for Teachers and State Employees*, and any optional plans or programs operating under Part 2 of Article 3A of Chapter 135 of the General Statutes.

N.C. Gen. Stat. § 58-50-75(b) (2021) (emphasis supplied).

¶ 12 The statutes provide several definitions applicable here. The standard of external utilization review provides "a covered person" may file for review within 120 days of notice and be assigned an independent review organization. N.C. Gen. Stat. § 58-50-80 (2021). A "'[u]tilization review organization' [is] an entity that conducts utilization review under a managed care plan, but does not mean an insurer performing utilization review for its own health benefit plan." N.C. Gen. Stat. § 58-50-61(a)(18) (2021).

¶ 13 N.C. Gen. Stat. § 58-50-61(a)(12) provides,

> "Medically necessary services or supplies" means those covered services or supplies that are:
> a. Provided for the diagnosis, treatment, cure, or relief of a health condition, illness, injury, or disease.
> b. Except as allowed under G.S. 58-3-255, not for experimental, investigational, or cosmetic purposes.
> c. Necessary for and appropriate to the diagnosis, treatment, cure, or relief of a health condition, illness, injury, disease, or its symptoms.
> d. Within generally accepted standards of medical care in the community.

> e. Not solely for the convenience of the insured, the insured's family, or the provider.
> For medically necessary services, nothing in this subdivision precludes an insurer from comparing the cost-effectiveness of alternative services or supplies when determining which of the services or supplies will be covered.

N.C. Gen. Stat. § 58-50-61(a)(12) (2021).

¶ 14 Under the statute: "'noncertification' means a determination by an insurer or its designated utilization review organization that an admission, availability of care, continued stay, or other health care service has been reviewed and, based upon the information provided, does not meet the insurer's requirements for medical necessity[.]" N.C. Gen. Stat. § 58-50-61(a)(13) (2021).

¶ 15 BCBSNC is the Plan's designated "utilization review organization" ("URO") to which "a covered person" must seek review of all "medically necessary" care under the Plan. *Id.*

¶ 16 The General Assembly specifically determined the "utilization review" for coverage and benefits under the Plan is regulated by Chapter 58. *See* N.C. Gen. Stat. § 58-50-75(b) (2021). The General Assembly created an avenue to review external "utilization review" claims under the State Health Plan before the Industrial Commission. *See* N.C. Gen. Stat. § 58-50-61; N.C. Gen. Stat. § 143-291(a) (2021).

¶ 17 When this Court reviews a statute, "it is presumed the legislature acted with full knowledge of prior and existing law, and with care and deliberation. Every

statute is to be interpreted in light of the . . . laws as they were understood at the time of the enactment at issue." *Dare Cty. Bd. of Educ. v. Sakaria*, 127 N.C. App. 585, 588, 492 S.E.2d 369, 371 (1997) (citations and internal quotation marks omitted).

¶ 18 The parties stipulated this dispute involves contract claims and not negligence claims. "The legislature has the power to define the circumstances under which a remedy is legally cognizable and those under which it is not." *Lamb v. Wedgewood South Corp.*, 308 N.C. 419, 444, 302 S.E.2d 868, 882 (1983).

¶ 19 BCBSNC's role as the Plan's URO, conducted two rounds of internal reviews, Plaintiff then sought an appeal of those decisions *via* external review by an independent review organization, which was assigned pursuant to N.C. Gen. Stat. § 58-50-80(b)(5).

¶ 20 "An external review decision is binding on the insurer." N.C. Gen. Stat. § 58-50-84(a) (2021). "[A]n independent review organization . . . shall not be liable for damages to any person for any opinions rendered during or upon completion of an external review conducted under this Part, unless the opinion was rendered in bad faith or involved gross negligence." N.C. Gen. Stat. § 58-50-89 (2021).

¶ 21 Plaintiff exhausted her remedies by seeking the external review by the independent review organization, and by failing to seek further review before the Industrial Commission. Plaintiff and BCBSNC are both bound by the decision to uphold the denial of coverage by the independent review organization. Plaintiff could

have sought review with the Industrial Commission, if she sought to challenge the external independent review organization's decision. Plaintiff does not allege negligence or bad faith in the decision levied by the independent review organization. We are bound as is BCBSNC, and any asserted contract claim against BCBSNC is improper regarding the external review organization's decision to deny coverage.

### C. *Meyer v. Walls*

¶ 22    Plaintiff relies upon *Meyer v. Walls*, 347 N.C. 97, 489 S.E.2d 880 (1997), and argues the superior court possesses jurisdiction to adjudicate these claims. In *Meyer*, the plaintiff committed suicide while under the care of the county department of social services. *Id.* at 102, 489 S.E.2d at 883. Plaintiff therein filed negligence claims against the county and the individuals involved. *Id.* at 103, 489 S.E.2d at 883. The Court reasoned, "[a] plaintiff may maintain both a suit against a state agency in the Industrial Commission under the Tort Claims Act and a suit against the negligent agent or employee in the General Court of Justice *for common-law negligence.*" *Id.* at 108, 489 S.E.2d at 886 (emphasis supplied). The court denied the defendants' 12(b)(1) motion. *Id.* at 109, 489 S.E.2d at 887.

¶ 23    The Court's holding in *Meyer* does not support Plaintiff's contract arguments here under the State Tort Claims Act:

> The North Carolina Industrial Commission is hereby constituted a court for the purpose of hearing and passing upon *tort claims* against the State Board of Education, the

> Board of Transportation, *and all other departments, institutions and agencies of the State.* The Industrial Commission shall determine whether or not each individual claim arose as a result of the *negligence* of any officer, employee, involuntary servant or agent of the State while acting within the scope of his office, employment, service, agency or authority, under circumstances where the State of North Carolina, if a private person, would be liable to the claimant in accordance with the laws of North Carolina. If the Commission finds that there was *negligence* on the part of an officer, employee, involuntary servant or agent of the State while acting within the scope of his office, employment, service, agency or authority that was the proximate cause of the injury and that there was no contributory *negligence* on the part of the claimant or the person in whose behalf the claim is asserted, the Commission shall determine the amount of damages that the claimant is entitled to be paid, including medical and other expenses, and by appropriate order direct the payment of damages as provided in subsection (a1) of this section[.]

N.C. Gen. Stat. § 143-291(a) (2021) (emphasis supplied).

¶ 24 Plaintiff's amended complaint against BCBSNC alleges breach of contract and unfair and deceptive trade practices, not negligence. *Meyer* allows a negligence claim against an agent of the state in superior court that is separate from the state agency asserted before the Industrial Commission under the State Tort Claims Act. *Meyer*, 347 N.C. at 108, 489 S.E.2d at 886.

¶ 25 The holding in *Meyer* is inapplicable here. Plaintiff's right to review the independent review organization's decision lies by statute with the Industrial Commission. BCBSNC is bound by that decision. Plaintiff did not assert claims

against or join the independent review organization as a party, nor did they pursue review of their decision before the Industrial Commission.

¶ 26    The General Assembly is presumed to have "acted with full knowledge" when they opted to not further waive North Carolina's sovereign immunity or choice of forum, and to create further liability for the taxpayers of the State and its agencies regarding contract coverage disputes over treatments and payments of Plan benefits. *Sakaria*, 127 N.C. App. at 588, 492 S.E.2d at 371.  The superior court does not possess subject matter jurisdiction to review the decision made by the independent review organization or the State Health Plan and claims against BCBSNC are properly dismissed.

¶ 27    Even if Plaintiff was entitled to further review the denial of coverage, she did not initiate nor invoke the statutory "utilization review" process the General Assembly expressly provided before the Industrial Commission. N.C. Gen. Stat. § 58-50-61 (2021).  The trial court's order specifically found and concluded "Plaintiff concedes jurisdiction for this case lies in the Industrial Commission rather than in the superior court[.]"  Plaintiff's arguments are overruled.  In light of our holding on this issue, we need not reach Plaintiff's remaining arguments.

## V.    Conclusion

¶ 28    Plaintiff bears the burden on appeal of showing the superior court possessed subject matter jurisdiction over her claims review, or alternatively, she is entitled to

another review for her admittedly contractual and statutory claims. Plaintiff has failed to meet this burden.

¶ 29        Plaintiff failed to utilize the statutory review process provided to her by Chapter 58. N.C. Gen. Stat. § 58-50-61. She is not entitled to further review in the superior court pursuant to our statutes. The trial court's order is affirmed. *It is so ordered.*

AFFIRMED.

Judges WOOD and GRIFFIN concur.